UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AXIS Surplus Insurance Company; and Mercer Insurance Company, | Case No.: |
| Plaintiffs, | Judge: |
| v. | **COMPLAINT IN INTERPLEADER** |
| Millennia Housing Management Ltd.; Millennia Housing Development, Ltd.; Millennia Housing Capital, Ltd.; Millenia Commercial Group, Ltd.; Eric Richardson, Adminstrator of Estate of Rebecca Richardson; Ja'Nya Clarkson, Individually and as Parent of Phoenix Colyar and Pa'Sley Colyar; Kenyatta Garfield, Individually and on behalf of Wrongful Death Beneficiaries Kendra N. Tate and Deshaundra S. Tate; Brenda Tate; Jordan Warren; Bernamesha Young; Miyana Bryant; Kelly O'Donald; Shanta Burnett; Shenika Harris; Marilyn Sandifer; Chakhandra Melvin; Denise Westly; Stephanie Sandifer; Tamera Harp; Demetris Freeman; Arneshia Taylor; Miracle Beasley; | |

Gabrielle Jones;
Hernyneisha Walker;
Tanisha Banks;
Kimberly Beasley;
Lucy Farmer;
Casandra Denzmore, as Natural Daughter of
Allewese Childs, Deceased, as the Only Heir
and Wrongful Death Beneficiary;
Tyrone Jackson, as Heir and Wrongful Death
Beneficiary of Kenneth Jackson;
Tarshermika Amos, Individually and as
Wrongful Death Beneficiary of Wanda Bell-
Freeman;
Corey Hubbard, Individually and as Wrongful
Death Beneficiary of Wanda Bell-Freeman;
Tesha Cummins, Individually and as Wrongful
Death Beneficiary of Wanda Bell-Freeman;
Antonio Cummins, Individually and as
Wrongful Death Beneficiary of Wanda Bell-
Freeman;
Carlos Bozeman, Individually and as Wrongful
Death Beneficiary of Wanda Bell-Freeman;
Jeremy McNair;
Gregory Walls;
Roderick Parker;
Lester Smith;
Michael Slaughter;
Jimmie Gratton;
James Pugh;
Marvin Williams;
Kenneth Ferrille;
James Dixon;
Ronald Little;
Willie Turner;
Curtis Kimber;
Jessie Morris Kimber;
Sherry Davis;
Sarah Inman;
Waverly Turner, Jr.;
Anthony Glover;
James Miles;
Roland Dorsey;
Adrean Douglas;
Ted Flemming;
Clifford Clayton;
Henry Harris;

2

Kathy Elmore;
Johnetta Alston;
Phyllis Bryant;
Diane Auvle;
Joshua Allen;
Cynthia Bussey;
Debbie Mayes;
Debbie St. Clair;
Felicia Cozart;
Donna Battiste;
Linda Freeman;
Clayton Meador;
Ethel Jones;
Henry Owens;
Dahlia Tyndall;
Martha Bimbow;
Gerald Blanks;
Donna Burns;
Karen Carter;
Nicholas Drake;
Heather Feld;
Quinton Flood;
Larry Gates;
Charles Hamilton;
Sharon Hamner;
Todd Hastings;
Roosevelt Jiles;
Fernetta Jones;
Linda Jones;
Kenyon Julius;
Suzanne Lutfi;
Kimmie May;
Heather Mond;
Adrienne Perry;
Q.L., a minor, by and through his Mother and Next Friend, Adrienne Perry;
J.M., a minor, by and through his Mother and Next Friend, Adrienne Perry;
Louisa Pettway;
Gregory Rowser;
Tallulah Squires;
Kevin Stewart;
Marilyn Thomas;
Kevin Timmons;
Sharon Vasser;
Ernest Walker;

3

Tomeetha Ward;
H.H. a minor, by and through his her Mother
and Next Friend, Tomeetha Ward;
Fredrick Webb;
Barbara Williams;
Freddie Woods;
Jennifer Burgess;
Ronald Burgess;
Summer Campbell;
Erica Carter;
Joyce Dorsey;
Calvin Finley;
Willie Hines;
Yvonne Hinson;
Sacorey Hinton;
Charles Jones;
Richard Jones;
Carl Lawrence;
Tommy Mitchell;
Jaharra Moore;
Larry Parker;
Joseph Rutledge;
Frederick Thomas;
Edwin Todd;
Waverly Turner;
Barbara Washington;
Juan White;
Office of the Indiana Attorney General;
Doe Entities 1-50;

        Defendants.

Plaintiffs AXIS Surplus Insurance Company ("AXIS") and Mercer Insurance Company ("Mercer") (collectively, "Interpleader Plaintiffs"), by and through their attorneys, make this Complaint in Interpleader and allege as follows:

## INTRODUCTION

1.      This Interpleader action by two insurers seeks to reasonably address the fact that there is a defined and limited pool of insurance funds available to cover dozens of tort claims, including multiple fatalities, which appear likely to deplete the limited pool of insurance funds

4

(should tort liability be found). More specifically, pursuant to 28 U.S.C. § 1335, AXIS and Mercer seek through this action a lawful, efficient determination of allocation of insurance policy proceeds deposited in interpleader. (A Motion seeking an Order Authorizing Deposit of Interpleader Funds under Local Rule 67.1 is filed concurrently.) The Interpleader Plaintiffs' request arises out of multiple underlying tort lawsuits venued in different jurisdictions against the Interpleader Plaintiffs' mutual insured. The underlying tort lawsuits involve multiple fatalities and dozens of allegedly injured parties, reflecting demands and/or potential liability far in excess of the combined limits under the liability policies issued by the Interpleader Plaintiffs.

2.      The underlying lawsuits name several related entities as defendants, including Millennia Housing Management Ltd. ("Millennia Management") which is a mutual insured of both AXIS and Mercer; as well as Millennia Housing Development, Ltd. ("Millennia Development"), an insured of Mercer; Millennia Housing Capital, Ltd. ("Millennia Capital"); and Millennia Commercial Group, Ltd. ("Millennia Commercial") (collectively, "Millennia").

3.      Millennia has been named as a defendant in multiple suits arising out of incidents that occurred during the relevant period between July 1, 2022 to July 1, 2023 ("Relevant Period") at three separate locations allegedly operated by Millennia: (1) an alleged August 30, 2022 gas leak at an apartment complex in Bolivar County, Mississippi ("Mississippi Incident"); (2) an alleged October 4, 2022 explosion and fire at an apartment complex in Pulaski County, Arkansas ("Arkansas Incident"); and (3) an alleged December 8, 2022 fire at an apartment complex in Jefferson County, Kentucky ("Kentucky Incident") (collectively, the "Incidents"). Two people are alleged to have died in the Mississippi Incident; three people are alleged to have died in the Arkansas Incident; and two people are alleged to have died in the Kentucky Incident, among other alleged injuries. The Incidents have given rise to a number of suits alleging liability against

Millennia, with multiple plaintiffs, and are discussed further below.  The lawsuits alleging injury or death due to the Incidents are referenced collectively as the "Incident Lawsuits."[1]

4.      In addition, Millennia has been named a defendant in several other lawsuits in relation to broader habitability claims that potentially implicate the Relevant Period (as well as other periods) and thus potentially impact the insurance policies issued by AXIS and Mercer. Those lawsuits are venued in Arkansas, North Carolina, Indiana, and Alabama, and are discussed further below.  The lawsuits alleging habitability claims against Millennia are referenced as the "Habitability Lawsuits."[2]  All of the lawsuits against Millennia discussed herein are referenced collectively as the "Lawsuits."

5.      Several of the Habitability Lawsuits are also the subject of a Declaratory Judgment

---

[1] The "Incident Lawsuits" are: *Garfield, et al. v. Sunset Village, et al.*, 06CI2:22-cv-00065 in Mississippi State Court for the Eleventh Circuit Court District in Bolivar County, Mississippi ("*Garfield* Action"); *Amos, et al. v. SC Apartments AR, LLC, et al.*, Case No. 60CV-23-1287 in the Circuit Court of Pulaski County, Arkansas ("*Amos* Action"); *Denzmore v. SC Apartments AR, LLC, et al.*, Case No. 60CV-22-8023 in the Circuit Court of Pulaski County, Arkansas ("*Denzmore* Action"); *Jackson v. SC Apartments AR, LLC, et al.*, Case No. 60CV-22-7995 in the Circuit Court of Pulaski County, Arkansas ("*Jackson* Action"); *Richardson, et al. v. Millennia Management, et al.*, Case No. 23-CI-007512, Circuit Court of Jefferson County, Kentucky ("*Richardson* Action"); and *Monroe, et al. v. Millennia Management, et al.*, Case No. 23-CI-007437, Circuit Court of Jefferson County, Kentucky ("*Monroe* Action").

[2] The "Habitability Lawsuits" are*: Peterson, et al. v. Sunset Moore MS TC, LP, et al.*, Case No. 06CH2:22-cv-00284-CFC in Mississippi State Court for the Seventh Chancery Court District in Bolivar County, Mississippi ("*Peterson* Action"); *Warren, et al. v. Millennia Housing Management, Ltd., et al.*, Case No. 4:23-cv-00977  in the U.S. District Court for the Eastern District of Arkansas ("*Warren* Action"); *Alston, et al. v. Millennia Housing Development, Ltd., et al.*, Case No. 24CVS511 in the Superior Court of Durham County, North Carolina ("*Alston* Action"); *McNair, et al. v. Bankhead 2192 AL LLC, et al.*, Case No. 2:25-cv-00882 in the U.S. District Court for the Northern District of Alabama  ("*McNair* Action"); *Bimbow, et al. v. Bankhead 2192 AL LLC, et al.*, Case No. 2:25-cv-02189 in the U.S. District Court for the Northern District of Alabama ("*Bimbow* Action"), which was consolidated with the *McNair* Action on April 16, 2026; and *Office of the Indiana Attorney General v. Hubbard Gardens IN TC, LP*, Case No. 49D12-2411-PL-051715, Circuit Court for Marion County, Indiana ("*Hubbard Gardens* Action").

Action filed by James River ("James River DJ Action")[3] in which James River seeks a declaration that it has no obligation to defend or indemnify Millennia and/or other purported insured entities, which is also discussed further below.

6. For the policy period of July 1, 2022 to July 1, 2023 (which embraces the timeframe of the allegations in the Incident Lawsuits): Non-Party James River Insurance Company ("James River") issued to Millennia Management and Millennia Development a General Liability Policy under policy number 00119044-1 with a per-location limit of $1,000,000 per occurrence and $2,000,000 per location aggregate ("James River Policy"); AXIS issued to Millennia Management an Excess Insurance Policy under policy number P-001-000896236-01 with an each occurrence and general aggregate limit of $2,000,000 ("AXIS Policy");[4] and Mercer issued to Millennia Management and Millennia Development an Excess Liability Policy under policy number policy number 20000000313, with an each occurrence and aggregate limit of $3,000,000 ("Mercer Policy"). Collectively, the James River Policy, AXIS Policy and Mercer Policy are referred to as the "Insurance Policies." Upon information and belief, Millennia possesses no other liability insurance relative to the Relevant Period.

7. The Insurance Policies provide Millennia with a limited amount of coverage in the Relevant Period that appears inadequate to resolve the various Lawsuits on behalf of Millennia and will likely fall far short of any sum required to satisfy judgments in the Lawsuits, should Millennia be found liable.

---

[3] *James River Insurance Company v. Millennia Housing Management, Ltd., et al.*, Case No. CV 26 132998. The James River DJ Action is not included among the "Lawsuits" as defined herein, as the James River DJ Action is not a suit in which funds from AXIS or Mercer may be potentially sought. However, it may impact this action and so is further discussed below.

[4] As explained more fully below, only $1,475,000 currently remains of the limits of the AXIS Policy.

8.      Given the limited insurance funds available under the Insurance Policies in relation to the Lawsuits, the numerous plaintiffs represented in the Lawsuits, and to facilitate a fair and equitable outcome, AXIS and Mercer have initiated this Interpleader to determine allocation of funds from the Insurance Policies in relation to the Lawsuits.

<strong>PARTIES</strong>

**A.      Plaintiffs**

9.      AXIS is an insurance company organized under the laws of the State of Illinois, with its principal place of business in Georgia.

10.     Mercer is an insurance company organized under the laws of the State of Pennsylvania, with its principal place of business in Iowa.

**B.      Insured Defendants**

11.     Millennia Management is a limited liability company organized under the laws of the State of Ohio, with is principal place of business in Cleveland, Ohio.

12.     Millennia Development is a limited liability company organized under the laws of the State of Ohio, with is principal place of business in Cleveland, Ohio.

**C.      Millennia-Affiliate Defendants**

13.     Millennia Capital is a limited liability company organized under the laws of the State of Ohio, with is principal place of business in Cleveland, Ohio.

14.     Millennia Commercial is a limited liability company organized under the laws of the State of Ohio, with is principal place of business in Cleveland, Ohio.

**D.      Tort-Claimant Defendants**

15.     Upon information and belief, Eric Richardson, Administrator of the Estate of Rebecca Richardson, is a citizen of the state of Kentucky.

16. Upon information and belief, Ja'Nya Clarkson, Individually and as Parent of Phoenix Colyar and Pa'Sley Colyar, is a citizen of the state of Kentucky.

17. Kenyatta Garfield, Individually and on behalf of Wrongful Death Beneficiaries Kendra N. Tate and Deshaundra S. Tate, is a citizen of Mississippi.

18. Upon information and belief, Brenda Tate is a citizen of Mississippi.

19. Upon information and belief, Bernamesha Young is a citizen of Arkansas.

20. Upon information and belief, Miyana Bryant is a citizen of Arkansas.

21. Upon information and belief, Kelly O'Donald is a citizen of Arkansas.

22. Upon information and belief, Shanta Burnett is a citizen of Arkansas.

23. Upon information and belief, Shenika Harris is a citizen of Mississippi.

24. Upon information and belief, Marilyn Sandifer is a citizen of Mississippi.

25. Upon information and belief, Chakhandra Melvin is a citizen of Mississippi.

26. Upon information and belief, Denise Westly is a citizen of Mississippi.

27. Upon information and belief, Stephanie Sandifer is a citizen of Mississippi.

28. Upon information and belief, Tamera Harp is a citizen of Mississippi.

29. Upon information and belief, Demetris Freeman is a citizen of Mississippi.

30. Upon information and belief, Arneshia Taylor is a citizen of Mississippi.

31. Upon information and belief, Antoinette Lewis is a citizen of Mississippi.

32. Upon information and belief, Miracle Beasley is a citizen of Mississippi.

33. Upon information and belief, Gabrielle Jones is a citizen of Mississippi.

34. Upon information and belief, Hernyneisha Walker is a citizen of Mississippi.

35 Upon information and belief, Tanisha Banks is a citizen of Mississippi.

36. Upon information and belief, Kimberly Beasley is a citizen of Mississippi.

37. Upon information and belief, Lucy Farmer is a citizen of Mississippi.

38. Upon information and belief, Casandra Denzmore is a citizen of Arkansas.

39. Upon information and belief, Tyrone Jackson is a citizen of Texas.

40. Upon information and belief, Tarshermika Amos is a citizen of Arkansas.

41. Upon information and belief, Corey Hubbard is a citizen of Wisconsin.

42. Upon information and belief, Tesha Cummins is a citizen of Wisconsin.

43. Upon information and belief, Antonio Cummins is a citizen of Arkansas.

44. Upon information and belief, Carlos Bozeman is a citizen of Arkansas.

45. Upon information and belief, Jeremy McNair is a citizen of Alabama.

46. Upon information and belief, Gregory Walls is a citizen of Alabama.

47. Upon information and belief, Roderick Parker is a citizen of Alabama.

48. Upon information and belief, Lester Smith is a citizen of Alabama.

49. Upon information and belief, Michael Slaughter is a citizen of Alabama.

50. Upon information and belief, Jimmie Gratton is a citizen of Alabama.

51. Upon information and belief, James Pugh is a citizen of Alabama.

52. Upon information and belief, Marvin Williams is a citizen of Alabama.

53. Upon information and belief, Kenneth Ferrille is a citizen of Alabama.

54. Upon information and belief, James Dixon is a citizen of Alabama.

55. Upon information and belief, Ronald Little is a citizen of Alabama.

56. Upon information and belief, Willie Turner is a citizen of Alabama.

57. Upon information and belief, Curtis Kimber is a citizen of Alabama.

58. Upon information and belief, Jessie Morris Kimber is a citizen of Alabama.

59. Upon information and belief, Sherry Davis is a citizen of Alabama.

60. Upon information and belief, Sarah Inman is a citizen of Alabama.

61. Upon information and belief, Waverly Turner, Jr. is a citizen of Alabama.

62. Upon information and belief, Anthony Turner is a citizen of Alabama.

63. Upon information and belief, James Miles is a citizen of Alabama.

64. Upon information and belief, Roland Dorsey is a citizen of Alabama.

65. Upon information and belief, Adrean Douglas is a citizen of Alabama.

66. Upon information and belief, Ted Flemming is a citizen of Alabama.

67. Upon information and belief, Clifford Clayton is a citizen of Alabama.

68. Upon information and belief, Henry Harris is a citizen of Alabama.

69. Upon information and belief, Kathy Elmore is a citizen of Alabama.

70. Upon information and belief, Johnetta Alston is a citizen of North Carolina.

71. Upon information and belief, Phyllis Bryant is a citizen of North Carolina.

72. Upon information and belief, Diane Auvle is a citizen of North Carolina.

73. Upon information and belief, Joshua Allen is a citizen of North Carolina.

74. Upon information and belief, Cynthia Bussey is a citizen of North Carolina.

75. Upon information and belief, Debbie Mayes is a citizen of North Carolina.

76. Upon information and belief, Debbie St. Clair is a citizen of North Carolina.

77. Upon information and belief, Felicia Cozart is a citizen of North Carolina.

78. Upon information and belief, Donna Batiste is a citizen of North Carolina.

79. Upon information and belief, Linda Freeman is a citizen of North Carolina.

80. Upon information and belief, Clayton Meador is a citizen of North Carolina.

81. Upon information and belief, Ethel Jones is a citizen of North Carolina.

82. Upon information and belief, Henry Owens is a citizen of North Carolina.

83. Upon information and belief, Dahlia Tyndall is a citizen of North Carolina.

84. Upon information and belief, Martha Bimbow is a citizen of Alabama.

85. Upon information and belief, Gerald Blanks is a citizen of Alabama.

86. Upon information and belief, Donna Burns is a citizen of Alabama.

87. Upon information and belief, Karen Carter is a citizen of Alabama.

88. Upon information and belief, Nicholas Drake is a citizen of Alabama.

89. Upon information and belief, Heather Feld is a citizen of Alabama.

90. Upon information and belief, Quinton Flood is a citizen of Alabama.

91. Upon information and belief, Larry Gates is a citizen of Alabama.

92. Upon information and belief, Charles Hamilton is a citizen of Alabama.

93. Upon information and belief, Sharon Hamner is a citizen of Alabama.

94. Upon information and belief, Todd Hastings is a citizen of Alabama.

95. Upon information and belief, Roosevelt Jiles is a citizen of Alabama.

96. Upon information and belief, Fernetta Jones is a citizen of Alabama.

97. Upon information and belief, Linda Jones is a citizen of Alabama.

98. Upon information and belief, Kenyon Julius is a citizen of Alabama.

99. Upon information and belief, Suzanne Lutfi is a citizen of Alabama.

100. Upon information and belief, Kimmie May is a citizen of Alabama.

101. Upon information and belief, Heather Mond is a citizen of Alabama.

102. Upon information and belief, Adrienne Perry is a citizen of Alabama.

103. Upon information and belief, Q.L., a minor, is a citizen of Alabama.

104. Upon information and belief, J.M., a minor, is a citizen of Alabama.

105. Upon information and belief, Louisa Pettway is a citizen of Alabama.

106. Upon information and belief, Gregory Rowser is a citizen of Alabama.

107. Upon information and belief, Tallulah Squires is a citizen of Alabama.

108. Upon information and belief, Kevin Stewart is a citizen of Alabama.

109. Upon information and belief, Marilyn Thomas is a citizen of Alabama.

110. Upon information and belief, Kevin Timmons is a citizen of Alabama.

111. Upon information and belief, Sharon Vasser is a citizen of Alabama.

112. Upon information and belief, Ernest Walker is a citizen of Alabama.

113. Upon information and belief, Tomeetha Ward is a citizen of Alabama.

114. Upon information and belief, H.H. a minor, is a citizen of Alabama.

115. Upon information and belief, Fredrick Webb is a citizen of Alabama.

116. Upon information and belief, Barbara Williams is a citizen of Alabama.

117. Upon information and belief, Freddie Woods is a citizen of Alabama.

118. Upon information and belief, Jennifer Burgess is a citizen of Alabama.

119. Upon information and belief, Ronald Burgess is a citizen of Alabama.

120. Upon information and belief, Summer Campbell is a citizen of Alabama.

121. Upon information and belief, Erica Carter is a citizen of Alabama.

122. Upon information and belief, Joyce Dorsey is a citizen of Alabama.

123. Upon information and belief, Calvin Finley is a citizen of Alabama.

124. Upon information and belief, Willie Hines is a citizen of Alabama.

125. Upon information and belief, Yvonne Hinson is a citizen of Alabama.

126. Upon information and belief, Sacorey Hinton is a citizen of Alabama.

127. Upon information and belief, Charles Jones is a citizen of Alabama.

128. Upon information and belief, Richard Jones is a citizen of Alabama.

13

129. Upon information and belief, Carl Lawrence is a citizen of Alabama.

130. Upon information and belief, Tommy Mitchell is a citizen of Alabama.

131. Upon information and belief, Jaharra Moore is a citizen of Alabama.

132. Upon information and belief, Larry Parker is a citizen of Alabama.

133. Upon information and belief, Joseph Rutledge is a citizen of Alabama.

134. Upon information and belief, Frederick Thomas is a citizen of Alabama.

135. Upon information and belief, Edwin Todd is a citizen of Alabama.

136. Upon information and belief, Waverly Turner is a citizen of Alabama.

137. Upon information and belief, Barbara Washington is a citizen of Alabama.

138. Upon information and belief, Juan White is a citizen of Alabama.

139. The Office of the Indiana Attorney General is a branch of the government of the State of Indiana and is thus a citizen of Indiana.

140. Defendants identified in paragraphs 15 through 148 are collectively referred to as the "Tort-Claimant Defendants."

### D. LIENHOLDER DEFENDANTS

141. Upon information and belief, Doe Entities 1-50 are lienholders in relation to the claims of the Tort-Claimant Defendants.  The true names and identities of the Doe Entities are unknown to the Interpleader Plaintiffs at this time.

### JURISDICTION AND VENUE

142. Jurisdiction exists under 28 U.S.C. § 1335 because AXIS and Mercer have in their possession more than $500, representing remaining limits under the AXIS Policy and Mercer Policy, and two or more adverse claimants of diverse citizenship, represented by the various claimants in the Lawsuits, are claiming or may claim to be entitled to such money.

143.    Pursuant to 28 U.S.C. § 1335 and Local Rule 67.1, the Interpleader Plaintiffs concurrently file a Motion for Order Authorizing Deposit of Interpleader Funds.

144.    When authorized by the Court, AXIS will deposit with the Court the amount of $1,475,000, representing the total remaining limits of the AXIS Policy, to comply with the judgment of the Court.

145.    When authorized by the Court, Mercer will deposit with the Court the amount of $3,000,000, representing the total limits of the Mercer Policy, to comply with the judgment of the Court.

146.    Pursuant to 28 U.S.C. § 1397, any civil action of interpleader or in the nature of interpleader under 28 U.S.C. § 1335   may be brought in the judicial district in which one or more of the claimants reside.   Millennia is a claimant under the statute, located in this judicial district, making it proper to bring this action here.

147.    Pursuant to 28 U.S.C.A. § 1397, venue in this District is appropriate as one or more of the claimants to proceeds or benefits of the Insurance Policies resides in this District.

## BACKGROUND

### A.    The Incident Lawsuits

#### 1.    Arising out of the Mississippi Incident

##### a.    *Garfield, et al. v. Sunset Village, et al.*

148.    On or about September 6, 2022 underlying plaintiffs Kenyatta Garfield, Individually and on behalf of Wrongful Death Beneficiaries Kendra N. Tate and Deshaundra S. Tate, and Brenda Tate, filed the action, *Garfield, et al. v. Sunset Village, et al.*, 06CI2:22-cv-00065 in Mississippi State Court for the Eleventh Circuit Court District in Bolivar County, Mississippi ("*Garfield* Action").  A true and accurate copy of the operative complaint in the *Garfield* Action

is attached as Exhibit A.

149. In the *Garfield* Action, the underlying plaintiffs allege that underlying defendants, Millennia Management as well as Sunset Village MS, LLC d/b/a Sunset Village Apartments, Empire Construction, LLC and Leshaundra Carter, are liable for the deaths of Deshundra S. Tate and Kendra N. Tate who allegedly passed away as the result of a purported August 20, 2022 gas leak at their home at the Sunset Village Apartments in Cleveland, Mississippi.

150. Currently, the *Garfield* Action is pending a determination of a request to file an interlocutory appeal in the Supreme Court of Mississippi in relation to whether underlying plaintiff Kenyatta Garfield can inherit from his natural daughter Kendra Tate. The Circuit Court and intermediate appellate court found that he could not. Underlying plaintiff Brenda Tate, the mother of Deshaundra Tate and grandmother of Kendra Tate, has opposed.

### 2. Arising out of the Arkansas Incident

#### a. *Amos, et al. v. SC Apartments AR, LLC., et al.*

151. On or about February 21, 2023, the underlying lawsuit, *Amos, et al. v. SC Apartments AR, LLC, et al.*, Case No. 60CV-23-1287 in the Circuit Court of Pulaski County, Arkansas ("*Amos* Action"), was filed by underlying plaintiffs Tarshermika Amos, Corey Hubbard, Tesha Cummins, and Carlos Bozemen, all acting individually and as wrongful death beneficiaries of Wanda Bell-Freeman (collectively, the "*Amos* Plaintiffs"). The *Amos* Action names as defendants SC Apartments AR, LLC, Millennia Management, Millennia Commercial, Millennia Capital, Millennia Development, and individual Diedra Ladd. The *Amos* Action also had previously named certain utility companies as defendants that have since been dismissed. A true and accurate copy of the operative complaint in the *Amos* Action is attached as Exhibit B.

152. The *Amos* Plaintiffs allege that, in the early morning hours of October 4, 2022, a

16

fire erupted in the apartment of Wanda Bell-Freeman at the Shorter College Gardens Apartments due to a purported gas leak and resulting in the death of Wanda Bell-Freeman and two other individuals.

153. The *Amos* Plaintiffs allege that Millennia and other defendants are liable for negligent hiring, retention, supervision, failure to take remedial action, premises liability, wrongful death, negligence, gross negligence and *respondeat superior* liability.

154. The *Amos* Action remains pending.

### b. *Denzmore v. SC Apartments AR, LLC, et al.*

155. On or about November 22, 2022, the underlying lawsuit, *Denzmore v. SC Apartments AR, LLC, et al.*, Case No. 60CV-22-8023 in the Circuit Court of Pulaski County, Arkansas ("*Denzmore* Action"), was filed by underlying plaintiff Casandra Denzmore, as natural daughter of Allewese Childs, deceased, as the only heir and wrongful death beneficiary ("Denzmore"). The *Denzmore* Action names as defendants SC Apartments AR, LLC, Millennia Management, Millennia Commercial, Millennia Capital, Millennia Development, and individual Diedra Ladd. The *Denzmore* Action also had previously named certain utility companies as defendants that have since been dismissed. A true and accurate copy of the operative complaint in the *Denzmore* Action is attached as Exhibit C.

156. Denzmore alleges that, on October 4, 2022, a fire erupted in the apartment of Wanda Bell-Freeman at the Shorter College Gardens Apartments due to a purported gas leak and resulting in the death of Allewese Childs, who had been a guest of Wanda Bell-Freeman at the time.

157. Denzmore alleges that Millennia and other defendants are liable for negligent hiring, retention, supervision, failure to take remedial action, premises liability, wrongful death,

negligence, gross negligence and *respondeat superior* liability.

158.    The *Denzmore* Action remains pending.

   **c.**   ***Jackson v. SC Apartments AR, LLC, et al.***

159.    On or about November 21, 2022, the underlying lawsuit, *Jackson v. SC Apartments AR, LLC, et al.*, Case No. 60CV-22-7995 in the Circuit Court of Pulaski County, Arkansas ("*Jackson* Action"), was filed by underlying plaintiff Tyrone Jackson, Tyrone Jackson, as heir and wrongful death beneficiary of Kenneth Jackson ("Jackson").  The *Jackson* Action names as defendants SC Apartments AR, LLC, Millennia Management, Millennia Commercial, Millennia Capital, Millennia Development, and individual Diedra Ladd.  The *Jackson* Action also had previously named certain utility companies as defendants that have since been dismissed.  A true and accurate copy of the operative complaint in the *Jackson* Action is attached as Exhibit D.

160.    Jackson alleges that, on October 4, 2022, a fire erupted in the apartment of Wanda Bell-Freeman at the Shorter College Gardens Apartments due to a purported gas leak and resulting in the death of Kenneth Jackson, who was purportedly "lawfully on the premises" at the time.

161.    Jackson alleges that Millennia and other defendants are liable for negligent hiring, retention, supervision, failure to take remedial action, premises liability, wrongful death, negligence, gross negligence and *respondeat superior* liability.

162.    The *Jackson* Action remains pending.

163.    The *Amos*, *Denzmore* and *Jackson* Actions have been consolidated for the purposes of discovery, with the *Amos* Action designated the lead case.

   **3.**   **Arising out of the Kentucky Incident**

   **a.**   ***Richardson, et al. v. Millennia Management, et al.***

164.    On or about December 6, 2023, the action, *Richardson, et al. v. Millennia*

*Management, et al.*, Case No. 23-CI-007512, Circuit Court of Jefferson County, Kentucky ("*Richardson* Action"), was filed by underlying plaintiffs Eric Richardson, Administrator of the Estate of Rebecca Richardson; and Ja'Nya Clarkson, Individually and as Parent of Phoenix Colyar and Pa'Sley Colyar (collectively, the "*Richardson* Plaintiffs"). Millennia Management; Lake Louis KY, Ltd. and Lake Louis KY Investment, LLC are named defendants in the *Richardson* Action. A true and accurate copy of the operative complaint in the *Richardson* Action is attached as Exhibit E.

165. According to the *Richardson* Plaintiffs, Millennia Management operated apartments at West Wheatmore Drive in Louisville, Kentucky ("Louisville Apartments"). The *Richardson* Plaintiffs further allege that the underlying defendants, including Millennia Management, failed to employ proper security and fire safety measures at the Louisville Apartments.

166. As a result, the *Richardson* Plaintiffs allege a fire broke out at the Louisville Apartments on December 8, 2022, and spread throughout the building, including to units occupied by Rebecca Richardson and minors Phoenix Colyar and Pa'Sley Colyar. Rebecca Richardson purportedly died as a result, and Phoenix Colyar and Pa'Sley Colyar allegedly suffered significant injuries.

167. The *Richardson* Plaintiffs allege that Millennia is liable for negligent hiring and retention, negligent training and supervision, negligent security, failure to maintain common areas, negligence in relation to a diagram provided to firefighters at the time of the Kentucky Incident, negligent infliction of emotional distress, negligence per se, wrongful death, temporary private nuisance, unjust enrichment, and gross negligence.

168. The *Richardson* Action remains pending.

19

### b. *Monroe, et al. v. Millennia Management, et al. (Settled)*

169. On or about December 4, 2023, the action *Monroe, et al. v. Millennia Management, et al.*, Case No. 23-CI-007437, Circuit Court of Jefferson County, Kentucky ("*Monroe* Action"), was filed by underlying plaintiffs Brittany Monroe, as administrator of the estate of Emilia Monroe; Paige Monroe; and Dea'Vonte Hopson ("*Monroe* Plaintiffs"). A true and accurate copy of the last operative complaint in the *Monroe* Action is attached as Exhibit F.

170. The *Monroe* Plaintiffs alleged that Emilia Monroe; Paige Monroe; and Dea'Vonte Hopson were residents of the Louisville Apartments at the time of the Kentucky Incident and that Millennia Management was liable for the death of Emilia Monroe in the Kentucky Incident, as well as for injures suffered by Paige Monroe and Dea'Vonte Hopson.

171. In or about February 2025, the *Monroe* Action was settled through payment by James River and AXIS on behalf of Millennia Management. The *Monroe* Action has since been dismissed with prejudice.

172. Through the settlement, the James River Policy exhausted its $1 million per "occurrence" limit, thus leaving no further available insurance coverage under the James River Policy in relation to the Kentucky Incident. In addition, AXIS paid $525,000 under the AXIS Policy in relation to settlement of the Monroe Action, thus leaving $1,475,000 of the total limits of the AXIS Policy remaining.

## B. The Habitability Lawsuits

### 1. *Peterson, et al. v. Sunset Moore MS TC, LP, et al.*

173. On or about October 17, 2022 underlying plaintiff Debra Peterson "and unnamed plaintiffs 1-50" filed the action, *Peterson, et al. v. Sunset Moore MS TC, LP, et al.*, Case No. 06CH2:22-cv-00284-CFC in Mississippi State Court for the Seventh Chancery Court District in

Bolivar County, Mississippi ("*Peterson* Action").  A true and accurate copy of the operative complaint in the *Peterson* Action is attached as Exhibit G.

174.    The *Peterson* Action was later amended to include as plaintiffs Larissa King, Shenika Harris, Talika Ward, Angel Clark, Marilyn Sandifer, Chakhandra Melvin, Denise Westly, Stephanie Sandifer, Tamera Harp, Demetris Freeman, Arneshia Taylor, Miracle Beasley, Gabrielle Jones, Hernyneisha Walker, Tanisha Banks, and Kimberly Beasley (collectively, the "*Peterson* Plaintiffs").

175.    Other plaintiffs in the *Peterson* Action, including Debra Peterson, have since individually settled their claims within the limit of the James River Policy and/or other insurance policies, and thus are no longer potential claimants to the AXIS or Mercer Policies.  Consequently, those settling plaintiffs in the *Peterson* Action are not named as defendants in this Complaint in Interpleader.

176.    The *Peterson* Action names as defendants Millennia Management, Sunset Village MS, LLC, and Sunset Moore MS TC, LP.

177.    The *Peterson* Plaintiffs allege that they were leaseholders at the Sunset Village Apartments, and as a result of the purported August 20, 2022 gas leak, they were forced to vacate their apartments on or about August 31, 2022 because the apartments were purportedly uninhabitable.  Temporary housing was purportedly paid for by Millennia until about October 15, 2022.

178.    The *Peterson* Plaintiffs allege that Millennia and the other defendants are liable for breach of lease, breach of the implied warranty of habitability and constructive eviction.  The *Peterson* Plaintiffs also allege that Millennia and the other defendants are liable for intentional and/or negligent infliction of emotional distress, trespass and conversion.

179.    The *Peterson* Action remains pending.

### 2.    *Warren, et al. v. Millennia Management, et al.*

180.    On or about September 7, 2023, a putative class action complaint was filed in the action *Warren, et al. v. Millennia Housing Management, Ltd., et al.*, Case No. 4:23-cv-00977[5] in the U.S. District Court for the Eastern District of Arkansas ("*Warren* Action").  Named plaintiffs in the *Warren* Action are Jordan Warren, Kiara Booker, Bernamesha Young, Miyana Bryant, Kelly O'Donald and Shanta Burnett ("*Warren* Plaintiffs").  Defendants in the *Warren* Action are Millennia Management, Millennia Commercial, Millennia Development, Millennia Capital, and SC Apartments AR, LLC.  A true and accurate copy of the operative complaint in the *Warren* Action is attached as Exhibit H.

181.    The named *Warren* Plaintiffs were residents of the Shorter College Gardens Apartments at the time of the October 4, 2022 Arkansas Incident.  The *Warren* Plaintiffs allege that the defendants in the Warren Action informed tenants about a supposed "inspection of the underground gas line infrastructure," but allegedly the defendants "knowingly told the tenants that the place was safe when they knew the apartment still had gas leaks because the inspection did not occur."

182.    While the October 4, 2022 Arkansas Incident represents an element of the allegations in the *Warren* Action, the *Warren* Plaintiffs more broadly allege that Millennia has exhibited a pattern of neglect and "egregious" conduct in the apartment complexes operated by Millennia, including through a purported "practice of misrepresenting or concealing defects, failing to repair defect reported by tenants, and allowing known dangerous conditions to exist."

183.    The *Warren* Plaintiffs seek to certify a class representing tenants in almost 200

---

[5] As removed from state court.

22

apartment complexes owned and/or operated by Millennia across the United State and Canada "at any time within the past three years from the date of this … Complaint to the present."

184. The *Warren* Plaintiffs state claims for negligent hiring, retention, supervision and control; failure to take remedial action; premises liability; negligence; gross negligence; breach of contract; breach of implied warranty of habitability; unjust enrichment, *respondeat superior* liability; fraudulent misrepresentation; and punitive damages.

185. There has been no class certification in the *Warren* Action, nor any ruling on class certification, but the *Warren* Action remains pending.

### 3. *Alston, et al., v. Millennia Housing Development, Ltd., et al.*

186. On or about January 19, 2024 a class action complaint was filed in the action *Altson, et al. v. Millennia Housing Development, Ltd., et al.*, Case No. 24CVS511-310 in the Superior Court of Durham County, North Carolina ("*Alston* Action"); class certification was granted February 25, 2026. Named plaintiffs and class representatives in the *Alston* Action are Johnetta Alston, Phyllis Bryant, Diane Auvle, Johsua Allen, Cynthia Bussey, Debbie Mayes, Debbie St. Clair, Felicia Cozart, Donna Battiste, Linda Freeman, Clayton Meador, Ethel Jones, Henry Owens and Dahlia Tyndall ("*Alston* Plaintiffs"). Defendants in the *Alston* Action include Millennia Management; Millennia Commercial; Millennia Development. Also named as defendants are JFK Towers, NC, LLC; JFK Towers Investment, LLC; JFK Towers TC Investment; JFK Towers NC TC, LP (the "JFK Defendants") and Frank Sinito, purportedly CEO of the Millennia entities (collectively, with the named defendant Millennia entities, the "*Alston* Defendants"). A true and accurate copy of the operative complaint in the *Alston* Action is attached as Exhibit I.

187. The Alston Plaintiffs are residents of a housing complex in Durham, North Carolina known as the "JFK Towers." The *Alston* Plaintiffs allege that the defendant Millennia entities own

23

and/or manage the JFK Towers, which are allegedly jointly owned and/or managed by the JFK Defendants.  JFK Towers has allegedly been operated as an affordable housing development since its construction and was purportedly acquired by the defendant Millennia entities in December 2019.

188.    On or about February 25, 2026, the court in the *Alston* Action defined the certified class as "Tenants at JFK Towers who paid rent to any Defendant within the Relevant Time Period" of "January 19, 2020 to May 31, 2025."  The *Alston* court opined that sub-classes may be defined later, if required.

189.    The *Alston* Plaintiffs allege that, since Millennia's acquisition of the JFK Towers, the residents have faced a variety of habitability violations, including broken, out of service elevators, frequent termination of the residents' water supply, insect infestation and inadequate pest treatment, a blocked trash chute and non-functioning trash compactor, and a general lack of adequate property management among other issues.  The *Alston* Plaintiffs also allege that the *Alston* Defendants improperly collected certain excessive late fees from the *Alston* Plaintiffs.  Per the *Alston* court's certification, the *Alston* Plaintiffs' allegations embrace the period of time from January 19, 2020 to May 31, 2025.

190.    The *Alston* Plaintiffs state claims for breach of the warranty of habitability, unfair and deceptive trade practices, negligence, breach of contract, unjust enrichment, and a cause of action under the North Carolina Debt Collection Act.

191.    The *Alston* Action remains pending.

### 4.    *McNair, et al. v. Bankhead 2192 AL LLC, et al.*

192.    On or about May 2, 2025 a complaint was filed in the action *McNair, et al. v. Bankhead 2192 AL LLC, et al.*, Case No. 2:25-cv-00882 in the U.S. District Court for the Northern

District of Alabama[6] ("*McNair* Action"). Plaintiffs in the *McNair* Action are Jeremy McNair; Gregory Walls; Roderick Parker; Lester Smith; Michael Slaughter; Jimmie Gratton; James Pugh; Marvin Williams; Kenneth Ferrille; James Dixon; Ronald Little; Willie Turner; Curtis Kimber; Jessie Morris Kimber; Sherry Davis; Sarah Inman; Waverly Turner, Jr.; Anthony Glover; James Miles; Roland Dorsey; Adrean Douglas; Ted Flemming; Clifford Clayton; Henry Harris; and Kathy Elmore (the "*McNair* Plaintiffs"). The *McNair* Action names as defendants Bankhead 2192 AL LLC ("Bankhead'); Millennia Development; Millennia Management; and a purported holding company referred to as "Millennia Companies," and Nuveen Services, LLC ("Nuveen") (collectively, the "*McNair* Defendants"). A true and accurate copy of the operative complaint in the *McNair* Action is attached as Exhibit J.

193. The *McNair* Plaintiffs are residents of an apartment complex in Birmingham, Alabama known as the "Bankhead Towers." The *McNair* Defendants allegedly acquired the Bankhead Towers "[s]ometime before the Fall of 2021."

194. According to the *McNair* Plaintiffs, the *McNair* Defendants "made the apartments available for rental to the [*McNair*] Plaintiffs" but "refused to make sufficient expenditures for maintenance and repair to make the Bankhead Towers habitable, decent, safe and sanitary or to meet minimum housing standards."

195. Allegedly, the *McNair* Defendants failed to adequately maintain sewer lines, failed to repair plumbing leaks, failed to properly maintain air conditioning and heating units, failed to repair roof leaks, and failed to maintain electrical wiring resulting in lack of electrical service, among other allegations.

196. The *McNair* Plaintiffs state causes of action for negligence/wantonness/breach of

---

[6] As removed from state court.

25

the implied warranty of habitability; breach of contract; negligent or wanton hiring/training/supervision; invasory trespass/wanton trespass/nuisance; combined & concurring negligence; vicarious liability; and unjust enrichment.

197.    The *McNair* Action remains pending.

### 5.    *Bimbow, et al. v. Bankhead 2192 AL LLC, et al.*

198.    On or about November 13, 2025 a complaint was filed in the action *Bimbow, et al. v. Bankhead 2192 AL LLC, et al.*, Case No. 2:25-cv-02189 in the U.S. District Court for the Northern District of Alabama("*Bimbow* Action").[7]  A true and accurate copy of the operative complaint in the *Bimbow* Action is attached as Exhibit K.

199.    The plaintiffs in the *Bimbow* Action are: Martha Bimbow; Gerald Blanks; Donna Burns; Karen Carter; Nicholas Drake; Heather Feld; Quinton Flood; Larry Gates; Charles Hamilton; Sharon Hamner; Todd Hastings; Roosevelt Jiles; Fernetta Jones; Linda Jones; Kenyon Julius; Suzanne Lutfi; Kimmie May; Heather Mond; Adrienne Perry; Q.L., a minor, by and through his Mother and Next Friend, Adrienne Perry; J.M., a minor, by and through his Mother and Next Friend, Adrienne Perry; Louisa Pettway; Gregory Rowser; Tallulah Squires; Kevin Stewart; Marilyn Thomas; Kevin Timmons; Sharon Vasser; Ernest Walker; Tomeetha Ward; H.H. a minor, by and through his her Mother and Next Friend, Tomeetha Ward; Fredrick Webb; Barbara Williams; Freddie Woods; Jennifer Burgess; Ronald Burgess; Summer Campbell; Erica Carter; Joyce Dorsey; Calvin Finley; Willie Hines; Yvonne Hinson; Sacorey Hinton; Charles Jones; Richard Jones; Carl Lawrence; Tommy Mitchell; Jaharra Moore; Larry Parker; Joseph Rutledge; Frederick Thomas; Edwin Todd; Waverly Turner; Barbara Washington; Juan White (the "*Bimbow* Plaintiffs").

---

[7] As removed from state court.

200.    The *Bimbow* Action names as defendants: Bankhead; Millennia Development; Millennia Management; Paths Management Services; TGA MH Investor Member, LLC; Nuveen; Yolanda Serritelli; and Misty Facison (collectively, the "*Bimbow* Defendants").

201.    Like the *McNair* Action, the *Bimbow* Action arises out of operation of the "Bankhead Towers" in Birmingham, Alabama and makes substantially the same allegations as to the *Bimbow* Defendants as made against the *McNair* Defendants in the *McNair* Action.

202.    The Complaint in the *Bimbow* Action states causes of action for breach of contract; negligence; wanton and reckless conduct; negligent, reckless, and/or wanton hiring/training/supervision; negligent, reckless, and wanton maintenance; failure to warn; vicarious liability; breach of the implied warranty of habitability; trespass and breach of the covenant of quiet enjoyment; and nuisance.

203.    On April 16, 2026, the *Bimbow* Action was consolidated with the *McNair* action. The consolidated action remains pending.

**6.    *Office of the Indiana Attorney General v. Hubbard Gardens IN TC, LP***

204.    On or about November 13, 2024 the Office of the Indiana Attorney General ("Indiana AG") filed the action, *Office of the Indiana Attorney General v. Hubbard Gardens IN TC, LP*, Case No. 49D12-2411-PL-051715, Circuit Court for Marion County, Indiana ("*Hubbard Gardens* Action").  The Hubbard Gardens Action names as the sole defendant Hubbard Gardens IN TC, LP ("Hubbard Gardens").  A true and correct copy of the complaint in the *Hubbard Gardens* Action is attached at Exhibit L.

205.    The Complaint in the *Hubbard Gardens* Action arises out of a residential complex in Indianapolis, Indiana known as "Hubbard Gardens."

206.    Based on information and belief, Hubbard Gardens contends that it is entitled to

coverage for the *Hubbard Gardens* Action under the James River Policy.

207.    According to the Complaint in the *Hubbard Gardens* Action, "[b]etween January 1, 2023, and October 1, 2024, the Health and Hospital Corporation of Marion County filed approximately eighty-nine (89) litigation cases alleging ordinance violations against [Hubbard Gardens] in court in Marion County with nineteen (19) resulting in a judgment being entered against [Hubbard Gardens]."

208.    Based on the purported violations, the Complaint in the Hubbard Gardens Action states causes of action for: systemic failure to satisfy statutory landlord responsibilities; deceptive representations of "habitability" and "habitation"; incurable deceptive acts; and knowing violations of the Deceptive Consumer Sales Act.  All causes of action are based upon Indiana statute.

209.    The *Hubbard Gardens* Action remains pending.

**C.      The James River Declaratory Judgment Action**

210.    On or about February 12, 2026, James River filed the lawsuit, *James River Insurance Company v. Millennia Housing Management, Ltd., et al.*, Case No. CV 26 132998, Court of Common Pleas for Cuyahoga County, Ohio ("James River DJ Action").  James River is the sole plaintiff in the James River DJ Action, which names as defendants Millennia Management, Millennia Development, Millennia Commercial, Millennia Capital, and other defendants in the Habitability Actions.  A true and correct copy of the operative complaint in the James River DJ Action is attached as Exhibit M.

211.    Through the James River DJ Action, James River seeks a declaration that the James River Policy as well as other policies issued by James River to Millennia Management (collectively, the James River Policies) do not apply to provide coverage to the defendants named

in the *Warren* Action, *Alston* Action, *McNair* Action, *Bimbow* Action, and/or the *Hubbard Gardens* Action.  Thus, the James River DJ encompasses all of the Habitability Lawsuits except for the *Peterson* Action.

212.    The Complaint in the James River DJ Action alleges that the referenced lawsuits "may not allege 'bodily injury' … or damages because of 'bodily injury'" and "may not allege 'property damage' … or damages because of 'property damage'" and do "not allege 'personal and advertising injury'" within the periods of the James River Policies, thus, allegedly removing application of the James River Policies.

213.    The Complaint in the James River DJ Action also alleges that "some" of the defendants named in the lawsuits underlying the James River DJ Action do not qualify as insureds under one or more of the James River Policies.

214.    James River also alleges that equitable or injunctive relief that may be sought, as well as punitive damages, treble damages, enhanced restitution, and/or civil penalties are not covered by the James River Policies.

215.    The Complaint in the James River DJ Action states a single cause of action for declaratory judgment, seeking a declaration that James River has no duty to defend or indemnify in relation to the suits underlying the James River DJ Action.

216.    To the extent that the James River DJ Action establishes that the James River Policy does not apply to the *Warren* Action, *Alston* Action, *McNair* Action, *Bimbow* Action, and/or the *Hubbard Gardens* Action, neither the AXIS Policy nor the Mercer Policy would apply to those suits.

217.    The James River DJ Action remains pending.

**D.      The Insurance Policies**

29

### 1.    *The James River Policy*

218.    James River issued to Millennia Management and Millennia Development a General Liability Policy with a with per-location limit of $1,000,000 per occurrence and $2,000,000 per location aggregate.

219.    The James River Policy has exhausted its $1,000,000 per occurrence limit in relation to the Kentucky Incident, but, upon information and belief, its per occurrence limits remain intact in relation to the Mississippi and Arkansas Incidents.

220.    Because of the exhaustion of limits in relation to the Kentucky Incident, James River is not providing a defense to Millennia in relation to the *Richardson* Action, but, upon information and belief, James River continues to provide a defense to Millennia in relation to the Lawsuits arising from the Mississippi and Arkansas Incidents.

### 2.    *The AXIS Policy*

221.    AXIS issued to Millennia Management an Excess Insurance Policy under policy number P-001-000896236-01 with an each occurrence and general aggregate limit of $2,000,000. A true and accurate copy of the AXIS Policy is attached as Exhibit N.

222.    After the James River Policy exhausted its $1,000,000 per occurrence limit in relation to settlement of the *Monroe* Action, AXIS assumed the defense of Millennia in the *Richardson* Action.  AXIS continues to defend Millennia in the *Richardson* Action.

223.    AXIS participated in the funding of the settlement of the *Monroe* Action by paying $525,000 under the AXIS Policy.  Thus, $1,475,000 remain of the limits of the AXIS Policy.

### 3.    *The Mercer Policy*

224.    Mercer issued to Millennia Management and Millennia Development an Excess Liability Policy under policy number policy number 20000000313, with an each occurrence and

30

aggregate limit of $3,000,000.  The Mercer Policy has not yet eroded, and thus the full limit of $3,000,000 currently remains.  A true and accurate copy of the Mercer Policy is attached as Exhibit O.

### 4. Total Remaining Limits

225.    Because the AXIS Policy has partially exhausted, the total insurance limits remaining under the AXIS and Mercer Policies is only $4,475,000.  Upon information and belief, the James River Policy will provide up to $2,000,000 in additional coverage in relation to the Lawsuits arising out of the Mississippi Incident and Arkansas Incident, but James River has exhausted its per occurrence limits in relation to the Kentucky Incident.  Thus, AXIS and Mercer understand that Millennia's total remaining insurance coverage available to respond to all of the Incident Lawsuits is no more than $6,475,000.

### CLAIM FOR RELIEF

### (Interpleader of Insurance Proceeds)

226.    Interpleader Plaintiffs, AXIS and Mercer, repeat and re-allege each and every allegation contained in Paragraphs 1 through 234, as if fully set forth herein.

227.    Defendants identified in Paragraphs 15 through 148 are tort claimants (inclusive of their respective lienholders) that are pursuing litigation against Millennia, and as a result are currently making competing demands for the proceeds of Interpleader Plaintiffs' Insurance Policies, either by virtue of express settlement demands or by virtue of their claims for damages against Millennia.

228.    Given the nature of the claims in the Lawsuits, alleging multiple deaths, and brought by dozens of underlying plaintiffs, the limits of Interpleader Plaintiffs' insurance policies will almost certainly be insufficient to satisfy all of the competing demands for the policy proceeds,

31

whether in settlement of the Lawsuits, or to satisfy any judgment against Millennia if found liable.

229. Because the competing demands for the proceeds of Interpleader Plaintiffs' Insurance Policies exceed the limits of liability, and because Interpleader Plaintiffs have been unable to determine which of the Defendants should be entitled to all or some of the proceeds of Interpleader Plaintiffs' Insurance Policies, Interpleader Plaintiffs request that this Court adjudge, declare, and/or decree:

a. That an order be issued requiring Defendants to interplead their claims for proceeds from Interpleader Plaintiffs' Insurance Policies.

b. That an order be issued discharging Interpleader Plaintiffs from any liability to Defendants with respect to Interpleader Plaintiffs' Insurance Policies or their proceeds;

c. That an order be issued permanently enjoining and restraining each of the Defendants from instituting or prosecuting any action against Interpleader Plaintiffs in connection with Interpleader Plaintiffs' Insurance Policies or their proceeds; and

d. Granting such other and further relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

Wherefore, Interpleader Plaintiffs pray for the following relief:

1. That an order be issued requiring Defendants to interplead their claims for proceeds from Interpleader Plaintiffs' Insurance Policies;

2. That an order be issued discharging Interpleader Plaintiffs from any liability to Defendants with respect to Plaintiffs' insurance policies or their proceeds;

3. That an order be issued permanently enjoining and restraining each of Defendants from instituting or prosecuting any action against Interpleader Plaintiffs in connection with

Interpleader Plaintiffs' Insurance Policies and their proceeds; and

    4.    Granting such other and further relief as the Court may deem just and proper.

DATED: July 22, 2026

        *s/ Patrick Fredette*
        Patrick Fredette (80523)
         *patrick.fredette@mccormickbarstow.com*
        Christopher Ryan (84607)
         *christopher.ryan@mccormickbarstow.com*
        McCormick, Barstow, Sheppard,
        Wayte & Carruth LLP
        Scripps Center
        312 Walnut Street, Suite 3425
        Cincinnati, Ohio 45202-4064
        Tel. (513) 762-7520
        Fax (513) 762-7521

        Attorneys for AXIS Surplus Insurance Company

        *s/ Richard Porotsky*
        Richard Porotsky (67234)
         *richard.porotsky@dinsmore.com*
        Dinsmore & Shohl LLP
        255 E. Fifth Street,  Suite 1900
        Cincinnati, Ohio 45202
        Tel. (513) 977-8256
        Fax (513) 977-8141

        Attorney for Mercer Insurance Company

Of counsel for Mercer Insurance Company:
Lauren Dimmitt (pro hac vice to be filed)
Dinsmore & Shohl LLP
400 W. 7th Street, Suite 102
Bloomington, Indiana 47404
Tel. (812) 407-4500
Fax (812) 407-4501